UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGARET FAYE COLEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-0180-B |
| | § | |
| C R ENGLAND, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM ORDER

Before the Court is Defendant C.R. England, Inc.'s (hereinafter, "CRE") Motion for Summary Judgment (doc. 19), filed October 31, 2008. The Court **GRANTS** the motion to the extent discussed below and **DISMISSES** this case in its entirety.

I.

BACKGROUND

Plaintiff Margaret Faye Coleman (hereinafter, "Coleman") filed this suit in response to the termination of her employment with CRE. Coleman began working for CRE as an instructor in February 2004. (Def.'s App. in Supp. of Mot. for Summ. J. 1, ¶ 5.) On September 25, 2006, Coleman was promoted to the position of Upgrade Evaluator. (*Id.*) She held this position until her discharge on January 16, 2008. (*Id.* at 2, ¶ 8.) Upon her release, Coleman filed the instant lawsuit, averring a single cause of action for violation of the Family Medical Leave Act (hereinafter, "FMLA"), 29 U.S.C. § 2601, in a five-page complaint. (Compl. ¶¶ 5-10.)

CRE filed the instant motion for summary judgment on October 31, 2008. CRE contends

Coleman's FMLA claim must fail because Coleman was not an eligible employee protected by the FMLA. (*See* Def.'s Mot. for Summ. J. 26-30.) Curiously, CRE also moves for summary judgment on a non-existing cause of action for violation of TEX. LAB. CODE § 451.001 (hereinafter, the "§ 451.001 claim") (a claim neither raised in Coleman's complaint nor any subsequent pleading). (*See id.* 14-24; Compl.) Responding to CRE's motion for summary judgment, Coleman abandons her claims under the FMLA;[1] but oddly contests CRE's argument as to the stealth § 451.001 claim. (Pl.'s Resp. to Def.'s Mot. for Summ. J.) CRE's motion for summary judgment being ripe, the Court rules the obvious.

## II.

## ANALYSIS

*A.     Summary Judgment Standard*

Summary judgment is appropriate when the pleadings and record evidence show no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The burden falls upon the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case; rather, the movant may satisfy its burden by pointing to the absence of evidence to support the non-movant's case. *Little*, 37 F.3d at 1075;

---

[1]Coleman's brief in response to CRE's motion for summary judgment proclaims: "Based upon documentation received through discovery, Plaintiff concedes that Plaintiff is not eligible for a claim under the FMLA and will not be opposing the motion for summary judgment on said cause of action." (Pl.'s Resp. to Def.'s Mot. for Summ. J. 1, ¶ 8.)

*Latimer*, 919 F.2d at 303.

Once the movant has satisfied its burden, the non-movant must show that summary judgment is inappropriate. *Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' ... by 'conclusory allegations' ... by 'unsubstantiated assertions,' ... or by only a 'scintilla' of evidence ...." *Little*, 37 F.3d at 1075 (internal citations omitted). To assess whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Anderson*, 477 U.S. at 248; *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000).

B.   *Coleman's Claims*

As an initial matter, the Court points out that in response to CRE's allegations that Coleman is not entitled to relief under the FMLA, Coleman has abandoned her FMLA claim. (Pl.'s Resp. to Def.'s Mot. for Summ. J. 1, ¶ 8.) Consequently, CRE's motion for summary judgment as to Coleman's FMLA claim should be and hereby is **GRANTED**. *See Celotex*, 477 U.S. at 374 (instructing that non-movant is required to come forth with evidence once movant has met its burden); *Burton v. Wyeth-Ayerst Lab.*, 513 F. Supp. 2d 719, 728 n.8 (N.D. Tex. 2007) (Fish, J.) (granting movant's motion for summary judgment where non-movant abandoned claims in response brief); *Newton v. S. Methodist Univ.*, 1998 WL 133063, at *2 (N.D. Tex. March 19, 1998) (Buchmeyer, C.J.) (same). Accordingly, Coleman's FMLA cause of action is **DISMISSED with prejudice**.

Moving now to Coleman's § 451.001 claim, the Court recognizes that Coleman first asserts this cause of action in her response to CRE's motion for summary judgment. Coleman's original

complaint, the operative pleading, states only one cause of action - violation of the FMLA. Indeed, her complaint lacks any reference to Texas state law. Therefore, Coleman's newly asserted § 451.001 cause of action is not properly before the Court. *Saucedo-Falls v. Kunkle*, 299 Fed. App'x 315, 324 (5th Cir. 2008) (citing *Cutrera v. Bd. of Sup'rs of LSU*, 429 F.3d 108, 113 (5th Cir. 2005)). Thus, CRE's motion for summary judgment as to Coleman's § 451.001 claim is **DENIED**, as the Court will not pass judgment on a cause of action not properly before it. Because, however, the dismissal of Coleman's FMLA claim disposes with every claim pleaded in this action, this case is hereby **DISMISSED**.

### III.

### CONCLUSION

For the foregoing reasons, the Court is of the opinion that CRE's motion for summary judgment should be and hereby is **GRANTED** to the extent discussed *supra*.

**SO ORDERED**.

**SIGNED March 27, 2009**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE